**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Ahmed Hassan Farah,                                                     Civil No. 05-1944 (DWF/AJB)

        Plaintiff,

v.                                                                                          **MEMORANDUM**
                                                                         **OPINION AND ORDER**

United States Attorney General Alberto Gonzalez;
Federal Bureau of Investigation Director
Robert Mueller; Department of Homeland
Security Secretary Michael Chertoff; United States
Citizenship and Immigration Services (USCIS)
Director Emilio Gonzalez; and USCIS Saint Paul
District Office Director Denise Frazier,

        Defendants.

---

Greta Smolnisky, Esq., Smolnisky & Kinney, PC, counsel for Plaintiff.

Robyn A. Millenacker, Assistant United States Attorney, United States Attorney's Office, counsel for Defendants.

---

## Introduction

The above-entitled matter came before the undersigned United States District Court Judge on April 7, 2006, pursuant to a Motion to Dismiss or in the Alternative, for Summary Judgment brought by Defendants United States Attorney General Alberto Gonzalez, Federal Bureau of Investigation Director Robert Mueller; Department of Homeland Security Secretary Michael Chertoff; United States Citizenship and Immigration Services (USCIS) Director Emilio Gonzalez; and USCIS Saint Paul District Office Director Denise Frazier

(collectively, the "Defendants").  For the reasons below, the Court grants Defendants' motion.[1]

## Background

Plaintiff Ahmed Hassan Farah, a citizen of Somalia, is a lawful permanent resident of the United States.  On January 23, 2004, Farah filed an application for naturalization with Citizenship and Immigration Services ("CIS").[2]  On February 5, 2004, CIS requested a background check on Farah's application.  On August 3, 2004, CIS interviewed Farah on his naturalization application.  During the interview, Farah denied that he had ever been arrested, cited, or detained by any law enforcement officer.  On that same date, CIS requested additional information from Farah to be submitted on or before September 3, 2004.

Sometime after August 3, 2004, CIS discovered that Farah had, in fact, been arrested, cited, or detained, and that he had spent time in jail.  On August 26, 2004, CIS requested more evidence from Farah to explain the reason that he denied having been arrested, cited, or detained and to provide other documentation.  On or about September 15, 2004, CIS requested another interview with Farah to discuss his naturalization application.  CIS

---

[1] Defendants also request that the Court strike the Amended Complaint that Farah filed on February 8, 2006, on the ground that Farah failed to follow Rule 15(a) of the Federal Rules of Civil Procedure.  The Court declines to strike the Amended Complaint because the outcome of the case is the same regardless of whether the Amended Complaint is stricken from the record.

[2] CIS is a successor agency of the Immigration and Naturalization Service, which was abolished in 2002 with the creation of the Department of Homeland Security.  *See* 6 U.S.C. §§ 271, 291.

(Footnote Continued on Next Page)

subsequently interviewed Farah a second time.  On September 27, 2004, CIS received the additional documentation that it had requested.

On August 25, 2005, Farah filed a Complaint, requesting that the Court adjudicate his eligibility for naturalization pursuant to 8 U.S.C. § 1447(b) because 120 days had passed since his naturalization interviews without a final determination by CIS.  Alternatively, Farah requests that the Court compel the District Director of CIS to adjudicate the application for naturalization on which he was interviewed.  On September 21, 2005, CIS issued a decision denying Farah's naturalization application on the ground that Farah had given false testimony regarding his arrests and convictions during the August 3, 2004 interview.  On February 8, 2006, Farah filed an Amended Complaint, adding the Director of the Federal Bureau of Investigation as a Defendant.

Defendants move the Court to dismiss Farah's Complaint, asserting that Farah's request for the Court to order CIS to adjudicate the application is moot, and/or, in the alternative, that the Court lacks subject matter jurisdiction.  Alternatively, if the Court should decide to address the merits of Farah's application, Defendants assert that the Court should grant summary judgment in favor of Defendants.[3]

---

(Footnote Continued From Previous Page)

3   Defendants also asserted in their initial brief that the Court should deny Farah's application because the background check had not been completed.  However, Defendants withdrew this argument in their reply brief because the background check had been completed by that time.

**Discussion**

The Attorney General has the "sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a). A district court may intervene in the naturalization process in two contexts. First, if the CIS fails to render a decision upon an application within 120 days of the applicant's naturalization examination, the applicant may apply to a district court for a hearing, and the court may then either determine the matter for itself or remand to the CIS with instructions. 8 U.S.C. § 1447(b). Second, if the CIS denies a naturalization application and that denial has been confirmed after an administrative appeal, the disappointed applicant may seek *de novo* judicial review of the denial in district court. 8 U.S.C. § 1421(c).

Here, Farah requested that the Court order CIS to adjudicate his naturalization application or adjudicate the application itself. On September 21, 2005, CIS denied Farah's application. Thus, Farah's request is moot. Additionally, Farah has not requested a hearing of that denial by an immigration officer and thus has failed to exhaust his administrative remedies. Accordingly, the Court lacks jurisdiction to reach the merits of Farah's application. *See* 8 U.S.C. §§ 1421(c), 1447(b). Therefore, Farah's application is dismissed for lack of jurisdiction.

**Conclusion**

Accordingly, **IT IS HEREBY ORDERED THAT:**

1.      Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. No. 8) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  April 26, 2006              <u>s/Donovan W. Frank</u>
                                    DONOVAN W. FRANK
                                    Judge of United States District Court